## Brewster *against* Yourd.

Upon a question as to the credibility of a witness, the certificate of the clerk of the sessions that he had been elected constable, is inadmissible, both as to the fact itself and the evidence to establish it.

ERROR to the common pleas of *Alleghany* county.

John Yourd, the defendant in error, brought an action of slander against Benjamin F. Brewster, and produced John Spear as a witness, who proved the defamatory words laid in the declaration. The defendant below then called witnesses who testified that Spear's general character for truth was bad. In support of his character the plaintiff called other witnesses, and the witnesses on either side were interrogated as to the current of opinion amongst a majority of his neighbours upon the subject. The plaintiff also offered in evidence a certificate from the clerk of the court of quarter sessions of the county, under the seal of said court, certifying from the records the number of times Spear had been elected constable of Indiana township, and the vote he had received. This testimony was objected to by the defendant's counsel, but admitted by the court; to which exception was taken.

Error was assigned to the admission of this testimony.

*Fetterman,* for plaintiff in error, remarked that the sole question amounted to this, whether the certificate of a constable's election is evidence of his character for truth? whether an election, *ipso facto,* made him a good witness?

*Burke,* for defendant in error.

The witnesses on both sides were asked to state the current of public opinion in relation to the character of Spear amongst his neighbours. The fact of his election as constable was evidence upon that point. Greater latitude is allowed in supporting than attacking the character of a witness. Chess *v.* Chess, 1 *Penns. Rep.* 40; M'Kim et al. *v.* Somers, 1 *Penns. Rep.* 297—301; Foster et al. *v.* Shaw et al., 7 *Serg. & Rawle* 156. The general good conduct of a witness is evidence to support his credit. 1 *Stark. Ev.* 147; Richardson *v.* Lessee of Stewart, 4 *Binn.* 198. The testimony here was of so slight a character as to have but little weight, and as not to prejudice the other party. And this court will not reverse where the evidence admitted is immaterial. Numan *v.* Kapp, 5 *Binn.* 73; Brown et al. *v.* Downing et al., 4 *Serg. & Rawle* 498; Murrel *v.* Johnson's Administrator, 1 *Hen. & Munf.* 451; Preston *v.* Harvey, 2 *Hen. & Munf.* 55.

[Brewster v. Yourd.]

The opinion of the Court was delivered by

Gibson, C. J.—It is one of the canons of evidence, that testimony be given under the sanction of an oath; so that if the fact attempted to be proved were competent, it could not be proved by the certificate of an officer whose business it is to certify records and not facts. If the evidence of a constable's election be matter of record, as perhaps it is, the fact can be established but by producing the record—at the very least, by testimony that he acted as such. But the fact was not competent. Except in the case of a party charged with an offence, whose case is in this respect peculiar, an impeachment of general character can be answered but by evidence of general character, and not of particular facts. But character from being chosen for an office, is inferential, and the quality and degree of it is dependent on the nature of the office; for it cannot be supposed that the choice of a public printer, for instance, whose duties are mechanical, would be so much determined by the character of the individual for veracity, as would the choice of a church warden. Even in cases where moral and religious observances are especially insisted on, all that can be said is that the electors would probably withhold their suffrages from a candidate notoriously destitute of them. But such a conclusion is no more than the remote, and by no means necessary inference of a fact from a fact, which in the case of the printer might be without any foundation whatever. There cannot however be one rule for the printer and another for the church warden ; and even were they distinguishable in principle, intermediate cases involving various shades of moral fitness would arise, to which a rule adapted to either of them could not be applied. Presumptions from circumstances such as those, are too indeterminate for legal adjudication. General character however results from the voice of the neighbourhood, not of electors happening to be present at an election, who are but a small part of the inhabitants of either sex whose opinions enter into the general estimate of individual conduct and behaviour. Except in answer to a question on cross-examination, a witness to character is not permitted to give the report he has heard from particular individuals; nor would he be allowed to state the separate opinion of each elector whose name should be found on the inspector's list, for that would not be to give general character, but the elements of which it is composed: and what more is indicated by the result of the polls? He must speak to the tone of the neighbourhood, which is certainly not indicated by the event of an election; else a failure to be chosen would fasten on the unsuccessful candidate an imputation of moral dereliction which would be competent to discredit him in a court of justice—a consequence that will not seriously be attributed to it. On all these grounds the evidence was inadmissible.

Judgment reversed, and a *venire de novo* awarded.